IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES TYRONE JACKSON, #100780,  :

    Plaintiff,  :

vs.  : CIVIL ACTION 10-0304-WS-M

DR. DELANO BENJAMIN, et al.,  :

    Defendants.  :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that Defendants Nurse Suzzette Daily and Nurse Deborah Garrett be dismissed without prejudice from this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for the failure to state a claim upon which relief can be granted against them. This action will proceed in regard to the other Defendants.

I. Amended Complaint (Doc. 4).

The Complaint before the Court is a court-ordered Amended Complaint, in which Plaintiff complains about the inadequate medical treatment he received for a bite on the back of his leg

from a brown recluse spider.  His allegations against Defendants Daily and Garrett consist of the following.  With the other named Defendants, "Daily and Garrett did jointly and severally conspire . . . to subject . . . Plaintiff to a denial of rights, privileges and immunities as secured by the Constitution . . . .  The Defendants act[ed] both jointly and severally [and] conspired to refuse to provide the Plaintiff with reasonable and adequate health care, even after it became obvious to the Defendants that serious physical injury would result to the Plaintiff . . . ."  (Doc. 4 at 10).  And then Plaintiff alleges that Defendants . . . Daily [and] Garrett . . . did negligently fail[] to exercise such reasonable care, skill, and diligence as other similarly situated health care provider[s]."  (Id. at 11).  No other reference is made to these Defendants by their name.

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[1]  Under § 1915(e)(2)(B)(i), a claim may

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Bilal, 251 F.3d at 1348-49.

2

be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Discussion.

The only allegation of a specific act taken by either of these Defendants is that they each conspired. This allegation of conspiracy is vague and conclusory and is not developed with specific facts that would show that Defendants Daily and Garrett did indeed conspire with each other or the other Defendants. That is, there are no facts showing that an agreement was reached. In the absence of allegations that would permit the

4

Court to draw a conclusion that a conspiracy is plausible, Plaintiff's claim of a conspiracy by Defendants Daily and Garrett fails to state a claim upon which relief can be granted. <u>Speaker v. U.S. Dept. of Health and Human Services</u>, 2010 WL 4136634, at *10 (11th Cir. Oct. 22, 2010) (quoting <u>Twombly</u>, 550 U.S. at 548, 127 S.Ct. at 1961) (unpublished) (finding that "absent some factual context suggesting agreement" that the complaint should be dismissed); <u>Rowe v. City of Fort Lauderdale</u>, 279 F.3d 1271, 1283 (11th Cir. 2002) ("To establish a prima facie case of section 1983 conspiracy, plaintiff must establish, among other things, that the defendants reached an agreement to violate [his] rights." (quotation omitted)); <u>Bailey v. Board of County Comm's of Alachua County</u>, 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement, which presupposes communication[.]").

IV. <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that defendants Nurse Suzzette Daily and Nurse Deborah Garrett be dismissed without prejudice from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim against them.

5

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. <u>Objection</u>. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

6

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 2nd day of November, 2010.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE